UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DE'ANDRE L. KENDRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-02605-JPH-CSW ) |
| ATALAYA PROCTOR, | ) ) |
| Defendant. | ) ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff De'Andre Kendrick is a prisoner at Westville Correctional Facility. He filed this civil action about incidents that allegedly occurred at New Castle Correctional Facility, so the case was transferred from the Northern District to this Court. Dkt. 5. Because Mr. Kendrick is incarcerated, this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Motion to Proceed *In Forma Pauperis*

Mr. Kendrick's motion to proceed *in forma pauperis,* dkt. [3], is **denied**. Mr. Kendrick is a prisoner who has, while a prisoner, filed at least three suits or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim. This renders him ineligible to proceed *in forma pauperis* by 28 U.S.C. § 1915(g). The narrow exception to the barrier created by § 1915(g), where a prisoner alleges that he "is under imminent danger of serious physical injury," does not apply to the claims or allegations in the complaint.

In *Evans v. Illinois Department of Corrections*, 150 F.3d 810 (7th Cir. 1998), it was noted that a prisoner-litigant in these circumstances is entitled to know

1

the cases the Court relies on when making the three-strikes determination. For Mr. Kendrick's reference, the cases on which the Court relies in finding three "strikes" consist of the following:

- *Kendrick v. United Cannabis Corporation,* 2:25-cv-00511-GSL-JEM (N.D. Ind. Nov. 26, 2025)  (dismissing action as frivolous under 28 U.S.C. § 1915A(b));

- *Kendrick v. CNN Inc. et al.,* 2:25-cv-00513-PPS-APR (N.D. Ind. Dec. 1, 2025) (dismissed action as frivolous under 28 U.S.C. § 1915A(b)); and

- *Kendrick v. Ward, et al.,* 3:25-cv-00867-TLS-APR (N.D. Ind. Oct. 27, 2025) (dismissing  action for failure to state a claim under 28 U.S.C. § 1915A(b)).

Thus, Mr. Kendrick must pay the $405.00 when able.

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Kendrick names one defendant, Atalaya Proctor, and seeks monetary damages.

Although a Court must accept a plaintiff's allegations as true if it is assessing whether a complaint should be dismissed for failure to state a claim, "a dismissal for frivolousness under § 1915 (the IFP statute) does not require a judge to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citing *Neitzke v. Williams*, 490 U.S. 319, 327−28 (1989), *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)). The Court summarizes the allegations in Mr. Kendrick's incredible complaint.

According to the complaint, Mr. Kendrick and Ms. Proctor were in a romantic relationship beginning in the 1990s when he went by the name King Zay Zay and Xavier. Their relationship soured when Ms. Proctor was "introduced to a[n] uncontrolled situation dealing with aliens[.]" Dkt. 2 at 2. Ms. Proctor and other women engaged in relationships with the aliens in order to mislead the CIA and FBI. Mr. Kendrick alleges that Ms. Proctor drugged him and forced him to

3

have a sexual relationship with him at New Castle Correctional Facility in 2018 and 2019, and she announced over an intercom system that she owned him.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed as frivolous**.

A complaint may be dismissed as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An allegation is factually frivolous when it is "clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (cleaned up).

Mr. Kendrick's allegations that the defendant forced him into a sexual relationship due to pressure from aliens is factually frivolous.

Further, even if the Court were to assume arguendo that Ms. Proctor was an employee of New Castle (which he does not allege) who compelled Mr. Kendrick to engage in a sexual relationship, he alleges that these encounters occurred in 2018 and 2019. Claims brought under § 1983 "borrow the limitations period and tolling rules applicable to personal-injury claims under state law." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). "The pertinent Indiana statute of limitations is two years." *Id.* (citing Ind. Code § 34–11–2–4). Thus, any potential claim under the Fourteenth Amendment would be dismissed as time barred. Although untimeliness is an affirmative defense, a complaint can be dismissed sua sponte if "the existence of a valid affirmative defense is so plain from the fact of the complaint that the suit can be regarded as

frivolous." *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Because any amendment would be futile, the Court declines to permit Mr. Kendrick the opportunity to amend his complaint.

### IV. Conclusion

Mr. Kendrick's motion for leave to proceed *in forma pauperis*, dkt. [3], is **denied** because he has incurred three strikes.

Mr. Kendrick's complaint is dismissed as frivolous under 28 U.S.C. § 1915A(b). **The clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 1/5/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DE'ANDRE L. KENDRICK
167253
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only